FETZER, Estate of, In re: FETZER, Appellant v. STEELE, Exr. et, Appellees.

Ohio Appeals, Ninth District, Medina County.

No. 247.  Decided August 18, 1954.

276

Winter & Winter, Lodi, for appellant.

L. A. Pelton, .Medina, for appellee Horace E. Steele, Exr., etc., et al.

John A. Weber and Harold L. Williams, Medina, for appellees C. Harold Fetzer and Donald B. Fetzer.

## OPINION

By HUNSICKER, J.

Calvin M. Fetzer, a resident of Lodi, Medina County, Ohio, died on March 12, 1951. In his last will, he gave to his surviving spouse, Mabel I. Fetzer, an interest in certain property, his Mercury sedan automobile, "and all of the household goods * * *."

The will was admitted to probate on March 24, 1951, and on March 26, 1951, the trustee and executor named in the will was appointed executor by the Probate Court of Medina County, Ohio.

The inventory and appraisement was filed in court on July 10, 1951, after permission duly given, by the Judge of the court, to file the inventory and appraisement after the statutory period. On August 3, 1951, the inventory and appraisement was approved by the trial court.

The inventory, in "Schedule F, Property Exempted from Administration," shows that a 1949 Mercury 4-door sedan automobile and the household goods were set off to the surviving spouse, Mabel I. Fetzer. This property, although given to her by the last will of her deceased husband, Calvin M. Fetzer, was set off to the widow, at her request, as property exempt from administration.

The transcript of the proceedings in the trial court to vacate and set aside the surviving spouse's selection of this property, which proceedings were held on July 12, 1952, shows that Mabel I. Fetzer notified the executor, by letter dated July 6, 1951, that she wished this property set off to her as property exempt from administration. On November 26, 1951, the court granted authority to transfer the certificate of title to the automobile, to Mabel I. Fetzer. All of such property has been used by her and considered her property since the approval of the inventory and appraisement by the Probate Court.

The Probate Court did not issue a citation to the surviving spouse, Mabel I. Fetzer, requiring her to elect whether to take under the will or under the statute of descent and distribution, as required by §10504-55 GC (now §2107.39 R. C.). No election was ever made by Mabel I. Fetzer to take under the will of her deceased husband. The only affirmative indication of her desire in this regard comes from her selection of property exempt from administration.

On June 13, 1952, Mabel I. Fetzer, the surviving spouse and appellant herein, filed a motion to vacate and set aside her selection of the property above named as exempt from administration. In this motion she says, among other things, "that at the time her said selection was filed, she had no knowledge as to the amount of the debts of the said estate and could not therefore accurately ascertain the probable value of the net estate, and was therefore in no position to make an election as to whether to take under the will or under the statute of descent and distribution as provided by law." She further said in such motion that "according to her best estimate of the probable value of the net estate, she was of the opinion that she would elect to take under the statute of descent and distribution, and that she therefore notified the executor * * * of her selection of the said automobile and household goods as property exempt from administration."

This motion also stated that "she has now reason to believe that the debts in said estate will amount to a much larger sum than heretofore anticipated, and that consequently it would be disadvantageous for her to take under the statute of descent and distribution, as she had originally contemplated; that since she is now taking under the will, and since the last will and testament bequeathed to her the items previously selected as aforesaid, such selection would therefore be a vain and purposeless act if permitted to remain in effect."

The Probate Court overruled this motion on March 10, 1953, and, from the judgment overruling such motion, Mabel I. Fetzer has prosecuted

an appeal on questions of law to this court—saying that the trial court erred in overruling the motion to vacate and set aside the selection of certain property as exempt from administration.

Sec. 10509-54 GC (now §2115.13 R. C.), provided in part as follows:

"When a person dies leaving a surviving spouse, * * * the following property if selected as hereinafter provided, shall not be deemed assets or administered as such * * *; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse * * * shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

Sec 10504-55 GC (now §2107.39 R. C.), said in part: "After the probate of the will and filing of the inventory, appraisement and schedule of debts, the Probate Court ' * * * shall issue a citation to the surviving spouse * * * to elect whether to take under the will or under the statute of descent and distribution," and such statute also further said:

"The election shall be made within one month after service of the citation to elect, or if no citation is issued, within nine months after the appointment of the executor or administrator, whether or not a citation be issued as herein provided. * * * The election shall be entered on the journal of the court."

Sec. 10504-56 GC (now §2107.43 R. C.), provided that "the election of the surviving spouse shall be made in person in the Probate Court * * * except * * *." and §10504-60 GC (now §2107.41 R. C.), provided such exception by saying that:

"If the surviving spouse fails to make such election * * *, such spouse shall be conclusively presumed to have elected to take under the will and such spouse who fails to elect * * * shall be bound accordingly * * *."

Thus we have in this case a situation where the surviving spouse, Mabel I. Fetzer, is "conclusively presumed to have elected to take under the will," and the property which became hers under the will is that property which she expressly asked to have set off to her as property exempt from administration.

Mabel I. Fetzer now asks that her choice, expressed in her letter to the executor, dated July 6, 1951, be set aside and held for naught.

The right to exempt certain property from administration of the estate of a deceased spouse should not be confused with the right of election, for as was said in Scharkofsky v. Landfear, Admr., et, 50 Oh Ap 213, at p. 223, "this widow is entitled to this exemption. She had right and title thereto and right of possession thereof long before she was called upon to make an election which the statute in this instance made for her. Possession thereof should have been given to her long before the time for election."

The exemption given a widow under the statute is a debt and a preferred claim against a deceased husband's estate.

Raleigh et, Admrs., v. Raleigh et, 153 Oh St 160.

The general rule is that, even though provision is made for a widow

by the testator, her husband, such fact will not of itself, in the absence of a statute requiring it, put her to her election, but that she may claim both the provision made for her by the will and the statutory allowance.

Scharkofsky v. Landfear, Admr., et, supra.

140 A. L. R. 1220, annotation.

Can it be said that Mrs. Fetzer, the widow of the decedent, waived her right to have this debt paid to her, by her selection of those items of personal property which were specific bequests to her under the will of her deceased husband?

"1. Waiver consists in the relinquishment of a known right. A party cannot be deemed to have waived a right based upon material facts, the existence of which he did not know."

**Michigan Automobile Ins. Co. v. Van Buskirk, 115 Oh St 598.**

See, also:

**State, ex rel. Hess, v. City of Akron, 132 Oh St 305, at p. 307.**

"Unquestionably, the provision made for the benefit of the surviving spouse could be waived by her, but such waiver must clearly appear. Since by law, she was entitled to a beneficial interest, a presumption arises that it was her intention to claim and accept it."

**Stetson, Admr., v. Hoyt et, 139 Oh St 345, at pp. 348-349.**

The evidence in this case does not clearly establish an intention on the part of the widow to waive any right she had in her husband's estate. There is no consideration moving from the estate to her which shows that she released to the estate a preferred debt with a value of $2,500. The automobile and household goods which she received from the executor were her property by the terms of the will. It must be remembered that she by law elected to take under the terms of that will. The items of property she received were specific legacies.

"A specific legacy differs from a general one in that it is not intended by the testator to be paid out of his estate generally but is to be paid solely by **delivering to the beneficiary the specific thing given by the will, as distinguished from a designated value.**" (Underscoring ours.)

**In re Estate of Mellott, etc., 162 Oh St 113, at p. 115.**

At the death of the testator, in whom did the title, as to these specific bequests, vest? We think the title vested in Mrs. Fetzer, the widow, subject to the possibility that such bequests might be taken for the debts of the testator. We know that title to the personal property of an estate passes by the will to the executor, as trustee for the benefit of the creditors, legatees, and distributees. **Central Natl. Bank, Savings & Trust Co. v. Gilchrist et, 23 Oh Ap 87.** This title, however, is a mere legal title for the purposes of administration. See 4 Page on Wills (Lifetime Ed.), Sec. 1586, at p. 511.

We thus have a situation where Mrs. Fetzer received from the executor, prior to the payment of debts, both full legal title and possession of items of personal property which were specifically bequeathed to her. She received only that to which she was legally entitled, and hence cannot be said to have waived any right, or that for any consideration moving from the estate to her she received any property other than such as was rightfully hers.

We therefore determine that when, by law, the election to take un-

der the will of her deceased husband became effective, Mrs. Fetzer (notwithstanding her request for and receipt of immediate possession of the specific bequests) was entitled to receive the items of specific personal property and the exemption allowance provided by statute. The action of the trial court in refusing to grant the motion to vacate and set aside the request of the widow to take specific items of personal property in lieu of her personal exemption, was, under the facts of this case, contrary to law.

The decision previously announced herein, upon submission of the case on the briefs of the parties, is withdrawn. The judgment is reversed, and the cause remanded to the Probate Court of Medina County for further proceedings.

DOYLE, PJ, and STEVENS, J, concur.