HERMANN Extr. et, Appellants, v. CROSSEN Extr., etc. et, Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24725.   Decided May 29, 1959.

Spieth, Bell & McCurdy, for appellants.

George Kerr, for appellee, John R. Crossen, as Executor, etc.

L. C. Turnock, for appellee, Grace Lutheran Church.

Calfee, Fogg, McChord & Halter, for appellee, The Cleveland Community Fund.

Squire, Sanders & Dempsey, for appellee, Kenyon College.

Mark McElroy, Atty. Genl., Mary L. Liberatore, Asst. Atty Genl., for appellee, Attorney General of Ohio.

## OPINION

By DOYLE, PJ.

The record before us discloses that Louis Hermann and Franklin A. Polk brought this action to contest the probated will of Anna L. Hirstius, deceased. The testament was executed by her, in the presence of witnesses, on March 12, 1956.

In the instrument she gave thirty-seven and one-half percent (37-½%) of her estate to a granddaughter, a like percentage to a daughter-in-law, and the balance of twenty-five percent (25%) to Grace Lutheran Church of Cleveland Heights, the Community Chest of Greater Cleveland, and Kenyon College of Gambier, Ohio. Each one of the latter was specifically given eight and one-third percent (8-1/3%) of the estate.

The contestants, Hermann and Polk, were not mentioned in the will which they now contest, but they were nominated and appointed as co-executors in a previous will executed by the deceased on August 13, 1952.

It is their claim, and they so pleaded, that:

"As executors named in the * * * (previous will) and as representatives of the legatees and devisees thereunder (they), are interested parties in said estate."

John R. Crossen, executor of the estate of Mrs. Hirstius, and functioning under the 1956 probated will, demurred to the petition, as did the Attorney General of Ohio, for and on behalf of the public charities named as legatees, on the ground that the plaintiffs were not entitled to bring the contest action. Pursuant to hearing, the Court of Common Pleas of Cuyahoga County ruled:

"On the ninth day of September, 1958, the demurrers of John R. Crossen, Executor, William Saxbe, Attorney General of the state of Ohio, and the Cleveland Community Fund, came on for hearing before his Honor Earl R. Hoover, Judge of the Common Pleas Court, the plaintiffs and all three demurring defendants being represented by counsel. * * * The position of the three demurring defendants was on the basis that the plaintiffs, Louis Hermann and Franklin A. Polk, were not interested parties under the statutes to bring a will contest case. "Upon due and thorough consideration of the pleadings herein, the arguments of counsel and the citations submitted, the said demurrers as to each of the said defendants is sustained on the ground that the plaintiffs do not have the legal capacity to sue and the petition does not state a cause of action.

"The Court finds that the plaintiffs herein are not interested parties under the statute to a will contest action; and, plaintiffs not desiring to plead further, the petition herein is hereby dismissed and final judgment entered for all defendants.

"* * *"

From the judgment the plaintiffs have appealed, and by brief and oral argument pose the following question:

"But one question of law is presented—is one having an interest under a prior will as executor thereof entitled to maintain a suit to contest a later will? Stated differently and with relation to the facts alleged in the petition and admitted by the demurrers, the question is— are the plaintiffs as executors under a will executed on August 13, 1952, while decedent was competent, entitled to contest a will executed on March 13, 1956, while decedent was incompetent? We submit that the question must be answered in the affirmative."

1. The statutory law in this state confers the right to contest a will **admitted to probate,** and this right can be exercised only in complete compliance with the provisions of the Civil Code. **Peters v. Moore, 154 Oh St 177.**

Sec. 2741.01 R. C., is in the following language:

"A person interested in a will or codicil admitted to probate in the Probate Court, or court of common pleas on appeal, may contest its

validity by a civil action in the court of common pleas of the county in which such probate was had."

The court sustained the demurrers to the petition by virtue of the provisions of §2309.08 **R. C.**, which states that "The defendant may demur to the petition * * * when it appears on its face that * * * (C) the plaintiff has not legal capacity to sue * * *."; and we construe the law of this state to mean that, where some of several necessary defendants in a will contest action demur to the plaintiff's petition, on the ground that the plaintiff has not the legal capacity to sue, such demurrers inure to the benefit of all defendants, although some may be in default. Several of the defendants in the instant case are in default.

By virtue of §2113.05 **R. C.**, executors appointed in a will are not, as a matter of right, entitled to appointment, even after the will is approved and allowed by the proper court, unless such person or persons are "suitable, competent, accepts the trust, and gives bond if that is required." It seems apparent that a person does not become an executor of an estate until he has qualified for the office under the statute, and has been appointed to the trust by the court.

However, it is maintained by the appellants that, because §2741.02 **R. C.**, requires "all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator," to be made parties to a contest action under §2741.01 **R. C.**, "obviously, the legislature in §2741.02 **R. C.**, defined the words 'interested persons' in §2741.01 **R. C.**, to include an executor."

We cannot advocate the adoption of this theory. When the legislature, in §2741.02 **R. C.**, required specific classes of persons to be made parties to a will contest, and specifically mentioned "the executor or administrator," it meant the executor, or administrator w. w. a., appointed under the **probated will**, and not one named in a previously-executed nonprobated testament. We have no doubt that an appointed administrator or executor may be said to be an interested person, in the sense of possessing the duties of a fiduciary to fulfill his obligations to the court and to his trust, and for that reason is required to be made a party, but we must concede that such officer of the court and fiduciary of an estate could not, in all probability, be called an "interested person" under §2741.01 **R. C.**, and be permitted to contest the very document which contributed to the birth of his office. To hold otherwise would lead to a series of misleading equivocations and emasculate the statutes.

Under the guise of liberal construction of remedial statutes, we cannot say that persons named as executors in a will which has never been probated, and having no interest in the testator's estate other than that they were named executors, are interested persons within the meaning of the Code. It would be a decisional paradox to say that a person named as an executor in a prior nonprobated will could contest a later-probated will which, in terms, revoked the prior instrument, when a named and appointed executor in a later-probated will has no such power.

When the legislature, in §2741.01 **R. C.**, employed the words and

phrases "A person interested in a will * * * may contest its validity," it meant that, to be "interested," one must have a pecuniary interest in the devolution of the estate.

In **Chilcote, Guardian, v. Hoffman et al, 97 Oh St 98**, the court stated in a syllabus that:

"1. A person interested, within the meaning of §12079 GC (§12079 GC, is identical in substance to §2741.01 R. C.), is one, who, at the time of the commencement of an action to contest a will, has a direct, pecuniary interest in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will."

In **Bloor v. Platt, 78 Oh St 46**, at page 49, will be found this language: "* * * Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' "

See also: **Donovan et al, v. Decker, Exr. et al, 98 Oh Ap 183.**

The word "devolution" we interpret to mean the transferance of property from one person to another.

We, therefore, in the light of the decisions of Ohio courts, which have created the precedent, determine that one who has a pecuniary interest in the transferance of property by will, which pecuniary interest would be injured by the devolution of property under the will, or be benefited by a successful contest of the instrument, is an "interested person" within the meaning of the statute, and is a proper party to bring an action under the statute. Executors named in wills executed by a testator previous to the execution and probate of a testator's last will and testament, do not fall within this class of persons.

The appellants make the points that, "the second and contested will is presumed to be invalid"; and that "it was the duty of the executors of the first will to contest the second." They claim that the first will was executed at a time when the decedent was of sound mind and memory and under no legal disability; but that when she executed the second will she was "mentally incompetent," having been so declared by the Probate Court of Cuyahoga County; that she was under guardianship because she was "not capable of taking proper care of herself and her property."

The foregoing declarations of incompetency are contained in the petition, and the appellants assert that, "since the demurrers admit that the decedent, Anna L. Hirstius, was adjudged to be mentally incompetent * * * just prior to the preparation and execution of the second will of March 13, 1956, she is presumed to have been mentally incompetent to execute the second will."

Assuming, for the purpose of the following discussion, that the claimed mental incompetency of the deceased is properly pleaded, we find the assertion untenable that the probated will is "presumed to be invalid." To the contrary, the statute provides, in §2741.05 R. C., that, on the trial of the issue in a contest, as provided by §2741.04 R. C., "the order of probate is prima-facie evidence of the attestation, execution, and validity of the will or codicil."

In **Van Demark et al, v. Tomkins, Exr. et al, 121 Oh St 129,** appears the following:

"In an action to contest a will, the jury should be instructed that, before it would be justified in setting aside a will, the evidence tending to invalidate the will must outweigh both the evidence tending to sustain the will and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of the testator. * * *"

There is no presumption of the invalidity of the will here attempted to be placed in contest. The most that can be said for the claim is that, by virtue of the order of the Probate Court, appointing a guardian for the reasons indicated, if the will had been properly contested, the court and jury would have been bound by the following rule of law:

"4. While every person is presumed to be of sound mind, yet when a person has been declared insane by a court of competent jurisdiction and is under guardianship, the presumption of sanity is not only removed but a presumption of insanity arises. Where a will of such a person, made after such adjudication, having been admitted to probate, becomes the subject of a will contest, the burden of proof by statute being cast upon the contestants of the will, the presumption of continuance of such insanity was a rebuttable one and would be removed when sufficient evidence had been introduced to meet, extinguish, rebut, countervail or overcome such presumption arising from the adjudication of insanity." **Kennedy, Exr., v. Walcutt, 118 Oh St 442.**

However, regardless of the presumption of insanity, under the rule stated in the preceding paragraph, if the deceased had sufficient mind and memory when she executed her last will—(1) to understand the nature of the business in which she was engaged; (2) to comprehend generally the nature and extent of her property; (3) to hold in her mind the names and identity of those who had natural claims upon her bounty; and (4) to be able to appreciate her relation to the members of her family—then she had testamentary capacity. **Niemes v. Niemes et al, 97 Oh St 145.**

We indulge the presumption that the Probate Court, in admitting the will to probate, followed the law as set forth in §2107.14 and §2107.18 R. C., and other pertinent sections in **Chapter 2107 R. C.** Under such circumstances, the will is not "presumed to be invalid." The probate of the will is now conclusive as to its due execution and validity.

As to the claimed "duty of the executors of the first will to contest the second," we are aware of no such duty placed upon these persons by the statutes. **Secs. 2741.01 to 2741.09 R. C.,** provide the exclusive mode of setting aside a last will and testament. **Madden, Exr. and Trustee, v. Shallenberger, Gdn. et al, 121 Oh St 401, par. 3** of syllabus.

Judgment affirmed.

STEVENS and HUNSICKER, JJ, concur.