In re Estate of Matusoff.

[Cite as In re Estate of Matusoff, 10 Ohio App. 2d 113.]

(No. 2935—Decided July 2, 1965.)

*Messrs. Estabrook, Finn & McKee,* for co-executors.
*Messrs. Froug & Froug,* for appellant Bernice Matusoff.

Kerns, J. This is an appeal on questions of law from an order of the Probate Court of Montgomery County sustaining a motion to strike exceptions to the second and final account of the executors of the estate of Morris Matusoff, deceased.

Section 2109.33, Revised Code, provides that "any person interested in an estate * * * may file exceptions to an account," and the order of the Probate Court sustaining the motion to strike is predicated entirely upon a finding that the exceptor, Bernice Matusoff, is not a party interested in the estate of Morris Matusoff so as to permit her to file exceptions to the account.

Hence, the only question presented in this appeal is whether the appellant is an "interested person" within the scope of Section 2109.33, Revised Code.

A "person interested" within the contemplation of Section 2741.01, Revised Code, has been held to mean a person who has a direct, pecuniary interest in the devolution of the testator's estate, and, by analogy, the term appears to carry the same

connotation in Section 2109.33, Revised Code. See *Chilcote* v. *Hoffman*, 97 Ohio St. 98; *Hermann* v. *Crossen*, 81 Ohio Law Abs. 322.

The appellant, Bernice Matusoff, is the surviving spouse of Morris Matusoff, deceased. She previously appeared before this court seeking a declaration of her rights under an antenuptial agreement. Montgomery County Court of Appeals, Case No. 2671, April 5, 1962.

The antenuptial agreement provides in part:

"that on the payment to her of said $7,500.00 by the executor of the will or the administrator of the estate or by the heirs of the said Morris Matusoff within one (1) year from the date of his death, she will *release, quitclaim and discharge* to his representative or heirs all rights of dower and *every and all other rights, claims, interests in law and equity which she might or could have in or to his estate or property*, or any part thereof, but for this agreement." (Emphasis added.)

In the present appeal, the appellant claims to be a "person interested" because she, as surviving spouse, did not receive any property exempt from administration as provided for by Section 2115.13, Revised Code.

But the exemption given a widow under Section 2115.13, Revised Code, is in the nature of a debt and a preferred *claim* against a deceased husband's estate. *Raleigh* v. *Raleigh*, 153 Ohio St. 160; *In re Estate of Fetzer*, 71 Ohio Law Abs. 275. And the appellant specifically relinquished all "rights, *claims*, interests * * * which she might or could have in or to his estate or property" in the antenuptial agreement.

Thus, the appellant, having voluntarily executed the agreement and having been paid the consideration therefor, has no present pecuniary interest in the deceased's estate and is not a "person interested" within the contemplation of Section 2109.-33, Revised Code.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

Sherer, P.J., and Crawford, J., concur.