## In re GUARDIANSHIP OF DOUGHERTY.

[Cite as *In re Guardianship of Dougherty* (1989), 63 Ohio App.3d 289.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 11318.

Decided May 16, 1989.

*Ronald E. Reichard,* for appellant.

*A.J. Wagner,* for appellee.

---

WOLFF, Presiding Judge.

Dr. Clyde H. Dougherty appeals from the Montgomery County Court of Common Pleas Probate Division decision and entry which stated that Dougherty lacked standing "to except to the account not being a devisee or legatee or an heir-at-law." The court dismissed Dougherty's exceptions and approved the account at issue.

Dr. Dougherty is the stepson of Fannie Dougherty, who was ninety-four years old at the time this case was before the trial court. On July 7, 1988, Dr. Dougherty filed exceptions to the second accounting for Fannie Dougherty. Attached to the exceptions were: (1) bank statements and photocopies of checks from October 1984 to November 1985; (2) depositions of Fannie Dougherty, Barbara Puterbaugh, who is Fannie's adopted daughter and guardian, and Dr. Dougherty; (3) an article on Alzheimer's disease; (4) letters from Dr. Dougherty to Judge Gounaris; (5) a doctor's discharge summary of Fannie Dougherty's condition when she was in Kettering Hospital in 1985; (6) letters from Fannie Dougherty's neighbors; and (7) a letter to Dr. Dougherty from Horizons Adult Daycare Program advising him not to contact Fannie Dougherty at the program.

On August 3, 1988, Barbara Puterbaugh moved the court to dismiss the exceptions because Dr. Dougherty had no standing to raise the exceptions.

On August 8, 1988, a hearing was held to consider the exceptions raised by Dr. Dougherty. On October 20, 1988, the court filed its decision and entry stating that Dougherty had no standing to except to the account because he was not a devisee, legatee, or an heir at law. The court based its decision on a codicil to Fannie Dougherty's last will and testament which was attached to the decision and entry. The codicil stated in pertinent part as follows:

"I specifically direct that none of my estate shall pass to my stepson, CLYDE H. DOUGHERTY, JR., because of the turmoil and anguish he has caused me by refusing to turn over to me, despite my repeated requests, certain of my property which he had held in his possession prior to and at the time of my signing of this Codicil."

Dougherty raises two assignments of error in this appeal:

"The trial court erred in finding that the appellant did not have standing to except to the second accounting of the appellee-guardian.

"The trial court erred in approving the second accounting of the appellee-guardian by not requiring the independent verification of the appellee-guardian's actions as required by Common Pleas Court Superintendence (Probate) Rule 32 and Section 2109.30 of the Ohio Revised Code."

■ In his first assignment of error, Dr. Dougherty maintains that he is an interested party to the second accounting since he and Fannie Dougherty had had a mother-son relationship in excess of fifty years, that he is her stepson and an heir at law under R.C. 2105.06(I), that he had had power of attorney over Fannie Dougherty's assets before Barbara Puterbaugh became Fannie Dougherty's legal guardian, and that he has an ongoing business relationship with Dougherty and Puterbaugh because he bought Dougherty's home. Dr. Dougherty also maintains that the trial court narrowly construed R.C. 2109.-33.

R.C. 2109.33 states in pertinent part as follows:

"Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. * * * * "

"Interested person" is not defined in R.C. 2109.33. In *Ollick v. Rice* (1984), 16 Ohio App.3d 448, 16 OBR 529, 476 N.E.2d 1062, the Cuyahoga County Court of Appeals stated that "beneficiaries under a testamentary trust are entitled to be heard as exceptors to an account filed in an estate." *Id.* at 454–455, 16 OBR at 536, 476 N.E.2d at 1070–1071. The court stated that the appellee in *Ollick* as a beneficiary under a trust at issue had a very real interest in the administration of the two estates which comprised the trust res. *Id.* at 454, 16 OBR at 535–536, 476 N.E.2d at 1070.

This court in *In re Matusoff* (1965), 10 Ohio App.2d 113, 39 O.O.2d 187, 226 N.E.2d 140, stated:

"A 'person interested' within the contemplation of Section 2741.01, Revised Code, has been held to mean a person who has a direct, pecuniary interest in the devolution of the testator's estate, and, by analogy, the term appears to carry the same connotation in section 2109.33, Revised Code." (Citations omitted.) *Id.* at 113–114, 39 O.O.2d at 188, 226 N.E.2d at 141.

Dr. Dougherty argues that he is an "interested person" based on his mother-son relationship with Fannie Dougherty and because he is her stepson. Having reviewed the record, we do not find that Dr. Dougherty has a direct, pecuniary interest in Fannie Dougherty's estate. The trial court's decision and entry refers to Fannie Dougherty's will as follows:

"The Court's coming on to the motion of the guardian and the will attached thereto, the Court finds that the exceptor has no standing herein to except to

the account not being a devisee or legatee or an heir-at-law, his exceptions are dismissed and the second account is approved."

Since Fannie Dougherty had a will, Dr. Dougherty cannot rely on the intestate succession statute, namely R.C. 2105.06(I), as authority that he is an "interested person." R.C. 2105.06(I) states that "[i]f there are no next of kin, [succession is] to stepchildren or their lineal descendents, per stirpes."

The fact that Dr. Dougherty and Fannie Dougherty allegedly have had a mother-son relationship for many years does not in and of itself show Dr. Dougherty's direct, pecuniary interest in her estate. In any event, the trial court relied on the codicil, which precluded Dr. Dougherty from taking under Fannie Dougherty's will, in finding that Dr. Dougherty had no direct, pecuniary interest in Fannie Dougherty's estate.

Dr. Dougherty argues that his business relationship with Fannie Dougherty through the purchase of her house makes him an "interested person" under R.C. 2109.33. We do not agree. The fact that Dr. Dougherty purchased his stepmother's house does not show a direct, pecuniary interest in her estate. When Dr. Dougherty purchased Fannie Dougherty's house, the house no longer was part of Fannie Dougherty's estate. Dr. Dougherty's claims that the purchase of the house keeps him in contact with Puterbaugh do not show his direct, pecuniary interest in Fannie Dougherty's estate.

Finally, Dr. Dougherty maintains that having had power of attorney over Fannie Dougherty's assets before Puterbaugh became Dougherty's guardian makes him an "interested person." Dr. Dougherty's previous power of attorney does not show a present, direct, pecuniary interest in Fannie Dougherty's estate. The first assignment of error is not well taken.

Since the second assignment of error relates to the validity of the accounting and we agree with the trial court that Dr. Dougherty has no standing to except to the accounting, there is no need to address the second assignment of error.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and FAIN, JJ., concur.