# In re ESTATE OF BOLL.

[Cite as *In re Estate of Boll* (1998), 126 Ohio App.3d 507.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 97 CA 41.

Decided March 5, 1998.

*Wolfe & Bentley* and *John Wolfe,* for appellant Stacey L. Boll, Exceptor.

*Craig A. Allen,* for appellee Janis Boll Compton, Executor of the Estate of Helen W. Boll.

---

KLINE, Judge.

■ Stacey L. Boll appeals from a Lawrence County Probate Court's judgment that granted executor Janis Boll Compton's motion to dismiss Stacey's exceptions to the executor's final account because Stacey did not have standing to invoke the jurisdiction of the court.[1] On appeal, Stacey contends that the trial court inappropriately granted the executor's motion to dismiss based on *Ollick v. Rice* (1984), 16 Ohio App.3d 448, 16 OBR 529, 476 N.E.2d 1062, which interprets R.C. 2109.33. We agree. Accordingly, we reverse the judgment of the trial court and remand this case to that court for further proceedings consistent with this opinion.

I

Helen W. Boll ("Ms. Boll") died testate in 1995. The trial court appointed Janis, Ms. Boll's daughter and a beneficiary under Ms. Boll's last will and testament, executor of Ms. Boll's estate. The residual beneficiary of Ms. Boll's will was an *inter vivos* trust. Unlike Ms. Boll's will, the trust named Stacey, Ms. Boll's granddaughter, as a beneficiary.

Janis, as executor, filed her final account in Ms. Boll's estate, which included disbursements of $6,538.08 to herself and $4,000 to Greg Compton, an attorney. Stacey filed exceptions to the final account, objecting to the $6,538.08 and $4,000 disbursements. Stacey also objected "to the lack of disclosure concerning ownership of Boll Properties, Ltd., a major trust asset to be transferred to the aforementioned *Inter Vivos* Trust."

Janis, again as executor, filed a motion to dismiss Stacey's exceptions to the final account. Janis based her motion to dismiss on Stacey's lack of standing to invoke the jurisdiction of the trial court. The crux of Janis's argument in the trial court was that Stacey had no interest in Ms. Boll's estate because she was

---

1. The court found that it had jurisdiction and then granted Janis's jurisdictional motion to dismiss. It appears that the court found that it had jurisdiction to decide that it did not have jurisdiction. See *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268. "[A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal." *Id.,* citing *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

not "a creditor, legatee or devisee." Janis maintained that Stacey should have brought her action against the trustee of the *inter vivos* trust for failure to collect all the assets of the trust. Janis further claimed that Ms. Boll made all her transfers to Boll Properties, Ltd., during her lifetime and no transfers were made to Boll Properties, Ltd. from Ms. Boll's will. Thus, Janis asserted in the trial court that the court had "no jurisdiction over transfers made during a decedent's lifetime."

At the beginning of the trial court hearing, the court made it clear that it scheduled the hearing to resolve the exceptions to the final account filed by Stacey and the motion to dismiss Stacey's exceptions filed by Janis as the executor of the estate. The parties called various witnesses and introduced exhibits. The trial court heard final arguments on the exceptions first and then allowed counsel to argue Janis's jurisdictional motion to dismiss Stacey's exceptions.

The trial court issued its decision in writing. The court did not sustain or deny the exceptions. Instead, the court granted Janis's jurisdictional motion to dismiss Stacey's exceptions to the final account. The trial court did not give any reasons for its decision, and the parties did not request findings of fact and conclusions of law.

Stacey appeals the trial court's decision and asserts the following assignment of error:

"The court erred in granting the motion to dismiss filed in behalf of the estate."

## II

Stacey makes the same arguments in this court that she made in the trial court. Stacey maintains that she has standing under R.C. 2109.33 to invoke the jurisdiction of the court. She asserts that she has an interest in the estate because she is the beneficiary of the *inter vivos* trust, which is the residuary beneficiary of the estate. Stacey cites *Ollick v. Rice, supra,* as support for her position. However, Janis continues to insist that Stacey cannot invoke the jurisdiction of the trial court because she is not a creditor, legatee, or devisee. Janis claims that only Stacey's trustee had authority to file exceptions on behalf of Stacey, and that Stacey should bring the action against the trustee. We must interpret R.C. 2109.33 to answer this legal question.

The pertinent part of R.C. 2109.33 provides that "[a]ny person *interested* in an estate * * * may file exceptions to an account[.]" (Emphasis added.) Thus, only an "interested" person can file exceptions to a final account under R.C. 2109.33. The legislature did not define "interested" as that word is used in R.C. 2109.33. However, several courts have interpreted the word "interested" under

R.C. 2109.33 to mean that a person must have a "direct, pecuniary interest" in the estate. See *In re Guardianship of Dougherty* (1989), 63 Ohio App.3d 289, 578 N.E.2d 832; *In re Estate of Matusoff* (1965), 10 Ohio App.2d 113, 39 O.O.2d 187, 226 N.E.2d 140; *Sechler v. Market* (Dec. 24, 1996), Franklin App. No. 96APF03–359, unreported, 1996 WL 745251; and *In re Fulks* (Apr. 27, 1984), Jefferson App. No. 82–J–33, unreported, 1984 WL 7700. In *Ollick v. Rice, supra,* the court interpreted "interested" under R.C. 2109.33 by looking to R.C. 2109.35, which confers a right upon "any person affected thereby" to file a motion to vacate a settled account.

The Ohio Supreme Court has not construed the word "interested" as it is used in R.C. 2109.33. However, the court has long defined "interested" in a will contest action as a "direct, pecuniary interest." *Chilcote v. Hoffman* (1918), 97 Ohio St. 98, 119 N.E. 364, paragraph one of the syllabus. In *Chilcote,* the court held that:

"A person interested, within the meaning of Section 12079, General Code, is one, who, at the time of the commencement of an action to contest a will, has a *direct, pecuniary interest* in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will." (Emphasis added.) See, also, *Bazo v. Siegel* (1979), 58 Ohio St.2d 353, 355, 12 O.O.3d 318, 319–320, 390 N.E.2d 807, 809 (interpreting R.C. 2741.01 and 2741.02).

■ Now that we have determined that the word "interested" in R.C. 2109.33 means a "direct, pecuniary interest," we apply that test here to determine whether Stacey was entitled to file exceptions to the final account. In short, we must determine whether Stacey had a "direct, pecuniary interest" in Ms. Boll's estate.

Here, Janis without question is an "interested" person under R.C. 2109.33 because, as a beneficiary of the estate, she receives ownership of all the property transferred from the estate directly to her. Likewise, Stacey has an equitable interest or equitable ownership in the property directly transferred from the estate to the trust. "The interest of a beneficiary under a trust is considered equitable as contrasted with the interest of the trustee which is a legal interest because the trustee has legal as contrasted with equitable title." Black's Law Dictionary (6 Ed.Rev.1990) 539, citing Restatement of the Law Second, Trusts (1959), Section 2f. Therefore, we find that Stacey's equitable interest in the property transferred to the trust equates to a "direct, pecuniary interest" in the estate.

Our holding is consistent with the Cuyahoga County Court of Appeals' holding in *Ollick v. Rice.* That court held that when the *res* of an *inter vivos* trust contains assets from an estate, a beneficiary of that *inter vivos* trust is entitled to

file exceptions to the final account of the estate. While the *Ollick v. Rice* court used the "party affected thereby" test instead of the more stringent "person with a direct, pecuniary interest" test, the outcome is the same. Here, and in *Ollick v. Rice,* the beneficiary of the *inter vivos* trust receives an equitable interest in property that is directly transferred from the estate to the trust.

Our holding is also consistent with the holding in *In re First Natl. Bank of Mansfield* (1974), 37 Ohio St.2d 60, 66 O.O.2d 162, 307 N.E.2d 23. The Ohio Supreme Court held:

"Upon taking over trust property from an executor, the trustee of a testamentary trust is under an unqualified duty to a beneficiary of the trust to take reasonable steps to enforce any claim, which he holds as trustee, against the executor, to compel the executor to transfer to the trustee property which the executor is under a duty to transfer, or to redress any breach of duty committed by the executor; and where failure by the trustee to discharge such obligation will result in a loss to the beneficiary, *the trustee is liable to the beneficiary for such loss, even though* (1) the trustee is the same corporate entity or person as the executor, and (2) *the beneficiary is precluded from recovering from the executor because of his failure to file exceptions to the executor's final account."* (Emphasis added.) *Id.* at syllabus. We recognize that the issue before the court in *In re First Natl. Bank* was not whether a beneficiary of a trust could file exceptions to an executor's final account. Nevertheless, the court held that the beneficiary of a trust does not waive any action against the trustee when the beneficiary fails to file exceptions to an executor's final account. In short, the court assumed that the beneficiary of a trust could file exceptions to an executor's final account.

## III

In conclusion, we find that Stacey has standing to invoke the jurisdiction of the trial court. By so holding, we make no determination whether the trial court should sustain or overrule Stacey's exceptions to the final account. Accordingly, we sustain Stacey's sole assignment of error and reverse the judgment of the trial court. We remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., concurs.

PETER B. ABELE, J., dissents.

PETER B. ABELE, Judge, dissenting.

I respectfully dissent.

My review of the record reveals that the trial court did not explicitly hold that appellant lacked standing to bring exceptions to the final account. Rather, the trial court heard evidence and apparently determined that appellant's exceptions were meritless. Moreover, my review of the record reveals that sufficient competent, credible evidence exists to support the trial court's judgment. See *Whitaker v. Estate of Whitaker* (1995), 105 Ohio App.3d 46, 663 N.E.2d 681; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Accordingly, based upon the foregoing reasons, I would overrule appellant's assignment of error and affirm the trial court's judgment.