DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Evangeline Kasapis, appeals from the trial court's judgment in favor of the guardian of A.K. and AL.K, Appellee Tracey Summers, in the Summit County Probate Court.
 {¶ 2} Appellant, Evangeline Kasapis, is the paternal grandmother to the minor children A.K. and AL.K (collectively the "Wards"). Tracey Summers is the mother and guardian of the Wards. This dispute arose when the Wards' father and Appellant's son, Anthony Kasapis, Sr., died and Appellee was appointed guardian of the Wards in Case Nos: 2000-GM-247 and 2000-GM-248. On January 15, 2003, an action was commenced in the Summit County Probate Court to determine the heirship of the A.K. and AL.K., which resulted in an order, dated February 9, 2004, that held A.K. and AL.K. to be the children of Anthony Kasapis, Sr. Because of this finding, A.K. and AL.K. became the beneficiaries of a $10,000 life insurance policy owned by their father ("Insurance Proceeds") and became the residual beneficiaries of a trust created by Gus Kasapis ("Trust"), Appellant's deceased husband and Anthony Kasapis, Sr.'s, father.
 {¶ 3} On June 22, 2004, Appellee filed annual guardian's accounts for each of her children for the period of August 27, 2002 through October 27, 2003 ("Accounts"). Because the Accounts listed several "unknown" payees and did not attach cancelled checks to verify disbursements, on June 23, 2004, the trial court, sua sponte, took exception with both Accounts and scheduled a hearing. On July 9, 2004, Appellant entered her appearance so as to also take exception with the Accounts. Appellee filed an objection to Appellant's appearance and the matter was set for hearing. The matter was heard on October 7, 2004, before a magistrate, but due to a service error, Appellant was not present and the trial court remanded the matter back to the magistrate for another hearing. The matter was again heard by the magistrate on February 17, 2005, with all parties present. The transcript of this hearing is not in the record. On February 3, 2006, the magistrate rendered her decision in both of the Wards' cases, finding Appellant to be without standing to file an exception to the Accounts ("Magistrate's Decision"), which the trial court adopted the same day. On February 17, 2006, the Appellant objected to the Magistrate's Decision. A hearing was held relative to Appellant's objections on April 25, 2006, the transcript of which is in the record. On June 28, 2006, the trial court issued identical judgment entries in both Wards' cases overruling Appellant's objections and adopting the decision of the magistrate (collectively the "Judgment Entry").
 {¶ 4} Appellant appealed the Judgment Entry in both of the Wards' cases as appellate case numbers 23338 and 23339. Appellant then moved to consolidate the appeals, which motion this Court granted. In this consolidated appeal, Appellant has timely appealed the Judgment Entry assigning two assignments of error. Appellee did not file a brief in response thereto.
 Assignment of Error I "The trial court erred as a matter of law in finding that the Wards' paternal grandmother did not have standing to file an exception to the guardian's account filed June 22, 2004."
 {¶ 5} Appellant asserts that because she is the Wards' paternal grandmother and the primary beneficiary of the Trust, of which the Wards are residual beneficiaries, she is an interested person and entitled, pursuant to R.C. 2109.33, to file exceptions to the Accounts. Appellant asserts that because the heirship of the Wards had not been determined for the period of the Accounts, she had a direct pecuniary interest in the guardianship.
 {¶ 6} R.C. 2109.33 states, that "[a]ny person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust." Thus, for Appellant to have standing to file exceptions to the Account, she must be deemed a "person interested."
 {¶ 7} The trial court found that she was not a "person interested" because she did not have a "direct pecuniary interest" in the guardianship as required in the cases of Guardianship of Sechler v.Market (Dec. 24, 1996), 10th Dist. No. 96APF-359, at *4, citing In reGuardianship of Dougherty (1989), 63 Ohio App.3d 289, 578 N.E.2d 832; and In re Estate of Matusoff's (1965), 10 Ohio App.2d 113,226 N.E.2d 140. The trial court found that because the only assets of the guardianship were the proceeds of a life insurance policy, a non-probate asset, of which the Wards were the beneficiaries, Appellant did not have a direct pecuniary interest in the guardianship merely because she was the current beneficiary of the Trust. The trial court dismissed Appellant's argument that she had standing because paternity was not established until after the accounting period, noting that any delay in establishing that the children were the true heirs of Anthony G. Kasapis, Sr., was caused by Appellant's challenging the biological relationship between the Wards and her son and by the length of time it took to complete DNA testing related thereto.
 {¶ 8} Whether or not Appellant is an interested person within the meaning of R.C. 2109.33 is a question of statutory interpretation. "Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination. "This court reviews a trial court's interpretation and application of a statute under a de novo standard." Donnelly v. Kashnier, 9th Dist. 02CA0051M, 2003-Ohio-639, at ¶ 26, citing State v. Wheeling Lake Erie Ry.Co. (Mar. 13, 2002), 9th Dist. No 3214-M, at 3.
 {¶ 9} "`The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used.'" Donnelly, at ¶ 26, quoting Roxane Laboratories, Inc. v.Tracy (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."
 {¶ 10} "A court may interpret a statute only where the statute is ambiguous." Donnelly, at ¶ 27, citing State ex rel. Celebrezze v. AllenCty. Bd. of Commrs. (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332. "A statute is ambiguous if its language is susceptible to more than one reasonable interpretation." Donnelly, at ¶ 27, citing State ex rel.Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508, 513,668 N.E.2d 498.
 {¶ 11} Here, "person interested" has not been defined by the statute and is susceptible to more than one interpretation. Accordingly, we must look elsewhere to determine the intent of the legislature. The cases addressing the meaning of "person interested," as used in R.C. 2109.33, primarily hold that the person asserting exceptions to an account must have a direct pecuniary interest in that account. See Matusoff,10 Ohio App.2d at 113-14; Dougherty, 63 Ohio App.3d at 291; Sechler, at *4;In re Estate of Boll (1998), 126 Ohio App.3d 507, 510, 710 N.E.2d 1139;In re Estate of Eyajan, 11th Dist. No. 2002-A-0041, 2005-Ohio-351, at ¶ 14; Hermann v. Crossen (1959), 160 N.E.2d 404, 408; and Bloor v.Platt (1908), 78 Ohio St. 46, 49-50, 84 N.E. 604. Appellant cites the case of Ollick v. Rice (1984), 16 Ohio App.3d 448, 476 N.E.2d 1062, for the proposition that she is an interested person by virtue of the fact that she is the beneficiary of the Trust that will fund the guardianship, if the Appellant dies before the children reach the age of majority. In Ollick, the court held that the beneficiary of the trust could file exceptions to an estate accounting because the trust was funded by the same estate. Here, Appellant is challenging the guardianship account. She is not the beneficiary of the guardianship nor is the trust of which she is the beneficiary funded by any guardianship assets. Appellant is simply a beneficiary of a trust, the assets of which will flow to the Wards, among others, upon Appellant's death. Moreover, the actual expenditures being challenged were not made from funds provided to the Wards by the Trust, but rather were other assets belonging to the Wards' father, Anthony Kasapis, Sr.
 {¶ 12} Appellant further asserts that she has standing because the Wards had not yet been determined to be the children of her son, Anthony Kasapis, Sr., for the time period of the Accounts. We find this argument to be without merit. The only effect of a determination that Wards were not the children of Anthony Kasapis, Sr., would have been that they were no longer be the residual beneficiaries of the Trust. It would have had no effect on the guardianship vis-à-vis the Trust or any other assets left to the Wards by their father.
 Assignment of Error II "The trial court abused its discretion by approving the Guardian's Account of June 22, 2004."
 {¶ 13} Based on our decision related to Assignment of Error I, Appellant's second assignment of error is moot as Appellant does not have standing to file exceptions to the Guardian's Account.
 {¶ 14} Both of Appellant's assignments of errors are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)