[Cite as *In re Estate of Abraitis*, 2020-Ohio-4222.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE ESTATE OF SARUNAS VINCAS ABRAITIS, DECEASED | : | No. 109299 |
| | : | |
| [Appeal by Catherine M. Brady] | : | |
| | : | |
| | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 27, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2017 EST 222341

### *Appearances:*

Sirvaitis Law, L.L.C., Brenda T. Bodnar and Egidijus Marcinkevicius, *for appellee.*

Catherine M. Brady, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant Catherine Brady appeals the probate court's decision denying her exceptions to the final account filed by Egidijus Marcinkevicius, administrator of the estate of Sarunas Abraitis ("Sarunas"). Finding no merit to her appeal, we affirm.

**Factual Background and Procedural History**

{¶ 2} Sarunas' mother, Vlada Abraitis ("Vlada"), died in 2008. In 2011, Sarunas was appointed executor of Vlada's estate. Brady was Sarunas' attorney and represented him in connection with the administration of Vlada's estate. In 2014, the probate court removed Sarunas as executor of Vlada's estate due to incompetency and fraudulent conduct and appointed attorney Adam Fried as the successor fiduciary of Vlada's estate. This court affirmed the probate court's decision to remove Sarunas as executor. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 102403, 2015-Ohio-4077, *appeal not accepted*, 145 Ohio St.3d 1408, 2016-Ohio-899, 46 N.E.3d 702.

{¶ 3} In connection with the mishandling of his mother's estate, the probate court found that Sarunas had engaged in concealment of assets and ordered Sarunas to repay $523,518.46 plus a 10 percent penalty pursuant to R.C. 2109.52 to his mother's estate. On February 9, 2016, the probate court entered judgment against Sarunas in favor of Fried, as fiduciary of Vlada's estate, in the amount of $575,870.30. The court also found that Brady and Sarunas had engaged in frivolous conduct with respect to the administration of Vlada's estate. The probate court ordered Brady and Sarunas to pay $104,485 in attorney fees and $1,214.59 in litigation expenses incurred by Fried in defending against their conduct and, on July 15, 2016, entered judgment against Brady and Sarunas, jointly and severally, for

those fees and expenses (the "July 15, 2016 judgment"). Brady appealed.[1] This court affirmed the probate court's decision. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 104816, 2017-Ohio-5577, *appeal not accepted*, 151 Ohio St.3d 1475, 2017-Ohio-9111, 87 N.E.3d 1272.

{¶ 4} Sarunas died on January 4, 2017. In accordance with his will, Brady was appointed executor of his estate. On February 1, 2017, Fried, as fiduciary of Vlada's estate, filed a notice of claim with Sarunas' estate for the amounts Sarunas owed Vlada's estate and moved to remove Brady as executor of the estate based on her conduct in the administration of Vlada's estate and her conflicts of interest. Brady rejected the claim. After a hearing, the probate court granted the motion to remove Brady as executor and appointed Marcinkevicius as successor fiduciary of Sarunas' estate. On appeal, this court affirmed the probate court's decision to remove Brady as executor. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 105657, 2018-Ohio-584, *appeal not accepted*, 2018-Ohio-2380, 100 N.E.3d 422.

{¶ 5} On September 17, 2019, Marcinkevicius filed a final account for Sarunas' estate. On November 12, 2019, a day before the hearing on the final account, Brady filed exceptions to the final account. She argued that she was an "interested person with a direct, pecuniary interest in [Sarunas' estate] within the meaning of R.C. 2109.33" based on the July 15, 2016 judgment that had been

---

[1] Sarunas filed a separate appeal, 8th Dist. Cuyahoga No. 104822. After Brady was removed as the executor of Sarunas' estate and replaced by attorney Egidijus Marcinkevicius, Marcinkevicius filed a notice of voluntarily dismissal of the appeal, which this court treated as a motion to dismiss the appeal and granted. *In re Estate of Abraitis*, 2017-Ohio-5577, ¶ 1, fn. 1.

entered jointly and severally against her and Sarunas. She argued that the final account was deficient because (1) where payments were made on judgment liens, no judgment lien numbers associated with the disbursements were specifically identified in the final account; (2) Brady was not given notice of, or an opportunity to be heard regarding, the inventory and appraisal filed on August 10, 2017, the hearing on the inventory held on August 10, 2017, the final account filed on September 17, 2019 or the hearing on the final account; (3) there were "accounting questions" regarding the "advancement" of certain funds and the costs of selling the estate's real property and (4) the final account misrepresented certain debts and claims against the estate and distributions to beneficiaries.

{¶ 6} The probate court denied and dismissed Brady's exceptions to the final account on the grounds that she lacked standing to file exceptions to the account and that the issues raised in her exceptions were irrelevant to the administration of the estate. On November 13, 2019, the probate court approved the final account.

{¶ 7} Brady appealed, raising the following three assignments of error for review:

> Assignment of Error I: The probate court erred in denying the Appellant's exceptions to the Final Account based on standing.

> Assignment of Error II: The probate court erred in denying the Appellant's exceptions as irrelevant where credible evidence indicated fraud upon the court.

> Assignment of Error III: The probate court lacked subject matter jurisdiction to enter an order adjudicating a claim against the Estate where that claim had already been lawfully rejected by the Estate.

**Law and Analysis**

{¶ 8} In her first assignment of error, Brady contends that the probate court erred in determining that she lacked standing to file exceptions to the final account for Sarunas' estate because "'R.C. 2115.16 does not limit the class of persons who can raise objections to an estate inventory to those with a pecuniary interest in the inventory,'" quoting *In re Estate of Rand*, 8th Dist. Cuyahoga No. 104816, 2013-Ohio-4709, ¶ 6. Even if that were true, however, this case involves the filing of exceptions to a final account, not an inventory. R.C. 2109.33 governs the filing of exceptions to an account. It states in relevant part:

> Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. * * *

{¶ 9} Thus, for Brady to have standing to file exceptions to the final account, she needed to qualify as a "person interested" in Sarunas' estate. Courts have interpreted this statutory language to require a "direct pecuniary interest" in the account or estate. *See, e.g., In re K.*, 9th Dist. Summit Nos. 23338 and 23339, 2007-Ohio-509, ¶ 11; *In re Estate of Eyajan*, 11th Dist. Ashtabula No. 2002-A-0041, 2005-Ohio-351, ¶ 12-14; *In re Estate of Boll*, 126 Ohio App.3d 507, 509-510, 710 N.E.2d 1139 (4th Dist.1998); *Sechler v. Market*, 10th Dist. Franklin No. 96APF03-359, 1996 Ohio App. LEXIS 5845, 11 (Dec. 24, 1996); *In re Guardianship of Dougherty*, 63 Ohio App.3d 289, 291, 578 N.E.2d 832 (2d Dist.1989); *In re Estate of Matusoff*, 10 Ohio App.2d 113, 113-114, 226 N.E.2d 140 (2d Dist.1965).

{¶ 10} Brady made no showing that she has any direct pecuniary interest in Sarunas' estate. She is not a beneficiary of the estate. She is not a creditor of the estate. Indeed, although Brady claimed below that she had a direct pecuniary interest in the estate based on the July 15, 2016 judgment, she has abandoned that argument on appeal.

{¶ 11} Further, *Rand* does not stand for the proposition that persons without a pecuniary interest in an estate can file objections to the estate's inventory. Rather, that case addressed the issue of what "affects a substantial right" for purposes of a right to appeal under R.C. 2505.02(B)(1). *Rand,* 8th Dist. Cuyahoga No. 104816, 2013-Ohio-4709, at ¶ 3-7.

{¶ 12} In *Rand*, the decedent's will made specific cash bequests to a number of beneficiaries; any remaining assets of the decedent's estate were bequeathed to the Andrews Osborne Academy. *Id.* at ¶ 1. Two of the will's beneficiaries filed exceptions to the inventory prepared by the estate's executor, claiming that the inventory failed to account for the decedent's ownership interest in a corporation, thereby challenging a purported gift of stock to another family member. *Id.* The executor filed a motion to dismiss the exceptions, arguing that the individual heirs had no standing to complain about the inventory because the value of the estate (apart from any issue with the inventory) was more than sufficient to fulfill the cash bequests to the individual heirs. *Id.* The individual heirs conceded that they had no direct monetary interest in the inventory but claimed the right to file objections

under R.C. 2115.16 as persons "interested in the estate." *Id.* The court granted the motion to dismiss the exceptions and the individual heirs appealed. *Id.*

{¶ 13} The issue addressed by the court of appeals was not whether the appellants had a direct pecuniary interest in the estate but whether the probate court's refusal to permit their objections to the inventory affected a substantial right for the probate court's order to constitute a final appealable order under R.C. 2505.02(B)(1). *Id.* at ¶ 3-7.

{¶ 14} Noting that "[t]he heirs admittedly have no pecuniary interest in the outcome of their challenge" to the inventory, the court found that the probate court's order dismissing their exceptions to the inventory was not a final, appealable order and dismissed the appeal. The court explained:

> The heirs maintain that they have the statutory right under R.C. 2115.16, as "interested persons" to the estate, to enter objections to an estate inventory and that the court's denial of their right to enter objections affected a substantial right for purposes of R.C. 2505.02(B)(1). They argue that a finding that the dismissal of their exceptions to the inventory does not affect a substantial right would make any argument relating to a lack of standing unreviewable.
>
> This argument confuses the jurisdictional prerequisite of standing to sue * * * with the question of whether a judgment affects a substantial right for purposes of appeal. The heirs admittedly have no pecuniary interest in the outcome of their challenge to [the decedent's] gift of stock — only the Andrews Osborne Academy does. Although R.C. 2115.16 does not limit the class of persons who can raise objections to an estate inventory to those with a financial interest in the inventory, the heirs offer nothing on appeal to show that the court's refusal to permit their objections have resulted in their being injured or otherwise affected by the court's decision. While R.C. 2115.16 grants interested persons the right to object to an estate inventory, the type of substantial right needed to appeal under R.C. 2505.02(B)(1) requires more than

merely an intellectual or curious interest in the outcome of the litigation.

Nothing we say in deciding the merits of the appeal will in any way affect the amount of the inheritance appellants are to receive. Nor will a decision on the merits of this appeal correct errors injuriously affecting appellants. It follows that we lack a final appealable order.

*Id.* at ¶ 5-7.

{¶ 15} Although the appellants in *Rand* were persons "interested in the estate," i.e., as beneficiaries they had a direct pecuniary interest in the estate, they did not have "a financial interest in the inventory" because the assets of the estate were sufficient to cover their inheritance aside from any issue they had raised with the inventory.

{¶ 16} Because Brady has no direct pecuniary interest in the estate, the probate court did not err in denying her exceptions to the account due to lack of standing. Accordingly, Brady's first assignment of error is meritless and overruled. Based on our resolution of Brady's first assignment of error, her second assignment of error is moot.

{¶ 17} In her third assignment of error, Brady contends that the probate court lacked subject matter jurisdiction to "adjudicate[]" a final account that paid claims she had rejected before she was removed as executor of Sarunas' estate. We disagree. R.C. 2101.24 provides, in relevant part:

(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

* * *

(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

\* \* \*

(m) To direct and control the conduct of fiduciaries and settle their accounts;

\* \* \*

(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code.

{¶ 18} Accordingly, the probate court did not lack subject matter jurisdiction to address any of the matters at issue in this appeal. Brady's third assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue of this court directing the Cuyahoga County Common Pleas Court, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR