OPINION
{¶ 1} Appellant, Beverly A. Eyajan, appeals the April 26, 2002 judgment entry of the Ashtabula County Court of Common Pleas, Probate Division. The following facts are relevant to this appeal. Richard J. Eyajan passed away on October 7, 1999, at fifty-six years of age. He left a wife (appellant) and a daughter, Sheila Eyajan. The total value of the estate was in excess of $550,000. The majority of the estate was comprised of ten parcels of land, two of which were jointly owned by the decedent and appellant. The remaining parcels were owned solely by the decedent. There was also a significant amount of personalty related to the decedent's electronics business. Carolyn Smith, a friend of the decedent, produced a will, dated November 8, 1985, that named Smith as the main beneficiary of the estate. On November 17, 1999, Smith filed an application to probate the will and letters of authority as the executor of the estate. Smith was appointed the executor of the estate on November 17, 1999. Appellant and Sheila (referred to hereinafter collectively as "the Eyajans") subsequently filed a complaint contesting the will on December 6, 1999. Within their complaint, the Eyajans alleged that Smith was "more than a friend" and had exerted undue influence on the decedent.
 {¶ 2} The Eyajans were represented by several different attorneys throughout the will contest action and also appeared unrepresented at various points in the action. Various wills were attempted to be probated, including a will presented by the Eyajans on September 7, 2001. At one point in the litigation, Smith obtained injunctive relief against Sheila Eyajan to prohibit entry onto the decedent's property, as she had previously entered the property and removed personal property belonging to the decedent. Appellant elected to take against the will and also sought to purchase property of the decedent, pursuant to R.C. 2106.16.
 {¶ 3} Various accounts were filed with the probate court, with the fifth and final account filed on March 21, 2002. The probate court set a hearing on the final account to commence April 23, 2002. On April 5, 2002, Attorney Morscher, counsel for appellant, filed a notice of appearance with the court. Also on that date, appellant filed what was titled a "brief in opposition to motion to approve final account." On April 8, 2002, the court issued a judgment entry setting the hearing on the brief in opposition for the same day as the hearing on the final accounting. The trial court noted in that judgment entry that appellant failed to set forth any specific exceptions to the final account, as required by R.C. 2109.33.
 {¶ 4} The court subsequently moved the hearing to April 22, 2002. On the morning of the hearing, appellant's counsel presented the court and opposing counsel with a "supplemental brief in opposition," which stated that certain "issues were administered incorrectly." After a hearing where both sides presented evidence, the trial court issued a judgment entry on April 26, 2002, dismissing appellant's brief in opposition and supplemental brief. The trial court found that appellant had failed to comply with R.C. 2109.33, as her brief was not filed at least five days prior to the hearing on the account, and did not specifically enumerate her exceptions to the account. The court also noted in the judgment entry that appellant failed to provide "one scintilla of proof that she had either paid the tax bills she offers from her own funds or any other source." Moreover, the court also found: (1) appellant had lived in the mansion house for an additional ten months, rent free, outside of the statutory one-year limit; (2) the estate had previously credited appellant with $5,081 for appellant's portion of real estate taxes she paid on September 21, 2001, and this amount was added to appellant's elective share of the estate; and (3) appellant had never filed a claim for reimbursement during the entire litigation, although she had been represented by counsel.
 {¶ 5} Appellant subsequently filed this appeal, presenting two assignments of error. The first assignment of error is:
 {¶ 6} "The probate court erred to the prejudice of the appellant and abused its discretion in dismissing the brief in opposition and supplemental brief in opposition to the final account and further approving the final account and releasing the executor."
 {¶ 7} In the first issue under the first assignment of error, appellant contends the probate court erred and abused its discretion by not permitting appellant to be reimbursed for property taxes she paid on properties that belonged to herself and decedent jointly, as well as properties owned solely by the decedent.
 {¶ 8} Appellant cites R.C. 2117.25 in support of her contention that the property taxes owed by the decedent deserve priority and she should be reimbursed for paying those taxes. She also contends the probate court erred in not determining that the remainder of the estate was not equally divided between Smith and Sheila Eyajan.
 {¶ 9} R.C. 2117.25 governs the order in which debts to an estate are to be paid. R.C. 2117.25(A)(7) lists: "[p]ersonal property taxes, claims made under the estate recovery program instituted pursuant to section 5111.11 of the Revised Code, and obligations for which the decedent was personally liable to the state or any of its subdivisions[.]"
 {¶ 10} Appellant asserts that she paid those taxes to prevent the loss of the properties to foreclosure and, therefore, the fact that she paid those debts out of her own pocket does not preclude reimbursement to her by the estate. The record reveals appellant filed a pro se "notice of failure to pay property tax" with the probate court on September 7, 2001. This notice was filed with the court and served to Smith and her counsel. Counsel for Smith acknowledged that the notice was filed with the estate but that it had never been ruled upon. Appellant also presented tax bills to Smith at the April 22, 2002 hearing. Smith testified that she did not remember seeing those bills regarding any payments made on the property taxes.
 {¶ 11} Smith contends that the trial court did not err in dismissing appellant's brief in opposition and supplemental brief, as they were not properly submitted to contest the final accounting.
 {¶ 12} R.C. 2109.32 and 2109.33 set forth the procedures for filing the final accounting and an exceptor's duty to file exceptions to a final accounting. Specifically, R.C. 2109.33
states, in pertinent part:
 {¶ 13} "Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. The court for cause may allow further time to file exceptions. If exceptions are filed to an account, the court may allow further time for serving notice of the hearing upon any person who may be affected by an order disposing of the exceptions and who has not already been served with notice of the hearing in accordance with this section."
 {¶ 14} Thus, any party with standing to file exceptions to a final accounting of an estate must adhere to the procedures set forth in R.C. 2109.33.[1] The statute states that "any interested person" may file an exception to a final accounting. Several courts have defined "interested" as a person who has a "direct, pecuniary interest" in the estate.[2] As surviving spouse, appellant has a direct, pecuniary interest and, as such, is an interested person in decedent's estate. Thus, if appellant wished to file an exception to the final accounting of the estate, she was required to adhere to the procedures as set forth in R.C. 2109.33.
 {¶ 15} Appellant's "brief in opposition to motion for final accounting" was filed with the probate court and served to Smith and her counsel on April 8, 1999. In that brief, appellant failed to set forth specific, written exceptions to the final accounting. Instead, using broad, sweeping language, appellant only stated that she was filing an exception. In her "supplemental brief," filed literally at the beginning of the hearing and presented to opposing counsel at that time, appellant still failed to specifically set forth her exception to the final accounting. She also failed to comply with the five-day notice requirement set forth in the statute, thereby preventing the estate the opportunity to prepare a response to the exception.
 {¶ 16} Despite these procedural flaws, the court allowed appellant to present evidence at the hearing regarding her exception. She testified that she had made three separate payments on the property taxes that had been overdue at the time of decedent's passing. She presented paid receipts from the county but did not present any cancelled checks or anything connecting her to the payments. Moreover, the last minute presentation of her exception prevented Smith or the estate from being able to supply cancelled checks, payment receipts, or any other form of documentation to rebut appellant's claims.
 {¶ 17} Testimony was also elicited from Sheila Eyajan at the hearing, contending that she received only "worthless" personal property from the estate, the value of which had been inflated, while Smith sold personal property and received the cash proceeds. Here appellant attempts to assert that she filed an exception to the final accounting as it related to the division of the remaining estate between her daughter, Sheila Eyajan, and Smith.
 {¶ 18} Sheila has previously filed an appeal with this court concerning the division of the remainder of the estate.[3]
In a memorandum opinion, this court dismissed Sheila's appeal for failure to prosecute. Inasmuch as the claims raised by appellant here are based on the division of the remaining estate as it relates to Sheila, the claims belong to Sheila alone, not appellant. Thus, appellant lacks standing to bring the assignment of error relating to her daughter. Civ. R. 17(A) provides, "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest is the party who has the real interest in the subject matter of the litigation.[4]
Because appellant is not the party of interest regarding the division of the property between Sheila and Smith, she does not have standing to bring these claims.
 {¶ 19} Therefore, we conclude that, based on the obvious procedural flaws inherent in appellant's exception to the final accounting, the probate court did not abuse its discretion in dismissing appellant's claimed exception for failure to comply with the procedural requirements set forth in R.C. 2109.33.
 {¶ 20} Appellant's first assignment of error is without merit.
 {¶ 21} The second assignment of error is:
 {¶ 22} "The probate court erred as a matter of law to the prejudice of appellant and abused its discretion in not allowing the surviving spouse to exercise her rights under § 2106.16 to purchase real property of the decedent which was not specifically bequeathed."
 {¶ 23} In her second assignment of error, appellant contends the trial court erred and abused its discretion when it did not allow her to purchase real property of the decedent pursuant to R.C. 2106.16.
 {¶ 24} According to the probated will in the instant case, the executor was instructed to sell all property that was not specifically devised. The will devised to Smith "the residence premises at 3327 Lincoln Dr, together with the adjacent lot and garage theron."
 {¶ 25} Therefore, according to the terms of the will, the executor was to sell the remaining parcels of land and the proceeds would be disbursed half to Smith and half to the Eyajans jointly in trust. It should be noted that appellant elected to take against the will and, thus, the court terminated the testamentary trust and the trust distribution was to go to Sheila directly.
 {¶ 26} Smith filed a motion with the court seeking authority to sell the remaining parcels of the decedent. A hearing was held on the matter on September 22, 2000. Smith was represented by counsel, and the Eyajans both appeared pro se. At the hearing, Smith presented a schedule of debts of the estate, as well as appraisal information on the remaining parcels of land. At no time during the proceedings did the Eyajans object to the sale of the property. In a judgment entry dated September 22, 2000, the probate court granted Smith, as executor, the authority to sell the remaining parcels, in accordance with the will, to fulfill debts of the estate.
 {¶ 27} R.C. 2113.39 governs the sale of real property of an estate. It reads:
 {¶ 28} "If a qualified executor, administrator, or testamentary trustee is authorized by will or devise to sell any class of personal property whatsoever or real estate, no order shall be required from the probate court to enable him to act in pursuance of the power vested in him. A power to sell authorizes a sale for any purpose deemed by such executor, administrator, or testamentary trustee to be for the best interest of the estate, unless the power is expressly limited by such will."
 {¶ 29} Thus, when the executor is authorized to sell any property of the estate by the terms of the will, no court order is required to sell such property. However, in the instant case, Smith sought the approval of the probate court to ensure the propriety of the sale.
 {¶ 30} R.C. 2127.04 provides, in pertinent part:
 {¶ 31} "(B) An executor, administrator, or administrator with the will annexed may commence an action in the probate court, on the executor or administrator's own motion, to sell any part or all of the decedent's real estate, even though the real estate is not required to be sold to pay debts or legacies. The court shall not issue an order of sale in the action unless one of the categories specified in divisions (B)(1)(a), (b), and (c), (B)(2)(a), (b), and (c), and (B)(3) of this section applies:
 {¶ 32} "(1)(a) At least fifty per cent of all the persons interested in the real estate proposed to be sold have consented to the sale.
 {¶ 33} "(b) Prior to the issuance of the order, no written objection is filed with the court by any person or persons who hold aggregate interests in the interest of the decedent in the real estate proposed to be sold, that total in excess of twenty-five per cent.
 {¶ 34} "(c) The court determines that the sale is in the best interest of the decedent's estate.
 {¶ 35} "(2)(a) No person's interest in the interest of the decedent in the real estate proposed to be sold exceeds ten per cent.
 {¶ 36} "(b) Prior to the issuance of the order, no written objection is filed with the court by any person or persons who hold aggregate interests in the interest of the decedent in the real estate proposed to be sold, that total in excess of twenty-five per cent.
 {¶ 37} "(c) The court determines that the sale is in the best interest of the decedent's estate."
 {¶ 38} Thus, pursuant to R.C. 2127.04, where an individual holding more than a twenty-five percent interest in the decedent's property fails to object in writing to the probate court, the court will order the sale of the property. Therefore, by failing to object to the sale in any form, either orally or in writing as required by the statute, appellant waived her right to later object to the sale of the property to bona fide purchasers.
 {¶ 39} The terms of the will specifically instructed the executor to sell the remaining parcels and disburse the proceeds. Smith took the additional safeguard of seeking the authority of the probate court before initiating the sale of the properties. Appellant failed to object at any step in the process but, instead, briefly alluded to her right to purchase the property at the September 22, 2000 hearing. She never affirmatively requested to purchase the property, nor did she file a written objection to the sale.
 {¶ 40} Therefore, appellant failed to object to the sale as required by statute and is thus precluded from objecting at this late date. Appellant's second assignment of error is without merit.
 {¶ 41} Based on the foregoing, appellant's assignments of error are without merit. The judgment of the Ashtabula County Court of Common Pleas, Probate Division, is affirmed.
Christley, J., Grendell, J., concur.
[1] See, e.g., Wanska v. Wanska (July 29, 1988), 11th Dist. No. 12-221, 1988 Ohio App. LEXIS 3057.
[2] See In re Guardianship of Dougherty (1989),63 Ohio App.3d 289, 291; In re Estate of Matusoff (1965),10 Ohio App.2d 113; Sechler v. Market (Dec. 24, 1996), 10th Dist. No. 96APF03-359, 1996 Ohio App. LEXIS 5845, at *11.
[3] See In re Estate of Eyajan, 11th Dist. No. 2002-A-0043,2004-Ohio-2312.
[4] (Citations omitted.) West Clermont Edn. Assn. v. WestClermont Bd. of Edn. (1980), 67 Ohio App.2d 160, 162.