[Cite as *In re Estate of Abraitis*, 2018-Ohio-584.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105657**

# IN RE:   ESTATE OF
# SARUNAS V. ABRAITIS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2017 EST 222341

**BEFORE:**   Jones, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   February 15, 2018

**ATTORNEY FOR APPELLANT**

Catherine M. Brady
4417 West 189th Street
Cleveland, Ohio 44135


 **ATTORNEYS FOR APPELLEES**

**For Egidijus K. Marcinkevicius**

Egidijus Marcinkevicius
Brenda T. Bodnar
Algis Sirvaitis
Algis Sirvaitis & Co.
880 East 185th Street
Cleveland, Ohio 44119

**For Adam M. Fried**

Adam M. Fried
Martin T. Galvin
Paul R. Shugar
David J. Walters
Reminger Co., L.P.A.
1400 Midland Building
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115

LARRY A. JONES, SR., J.:

**{¶1}** Appellant-attorney Catherine Brady ("Brady"), former executor of the estate of Sarunas V. Abraitis ("Abraitis"), appeals the trial court's decision to remove her as executor. Finding no merit to the appeal, we affirm.

**{¶2}** In 2008, Abraitis's mother, Vlada Abraitis, died. Abraitis was appointed executor of her estate in 2011. Brady was his attorney at the time. In 2013, the probate court removed Abraitis from his position as executor, finding that he had concealed assets of her estate. He was ordered to repay $575,870.30 to his mother's estate.

**{¶3}** The court named appellee-attorney Adam Fried ("Fried") as the successor executor on Vlada's estate. The court also found that Brady engaged in frivolous conduct with respect to the administration of the estate. The court ordered Brady and Abraitis to pay attorney fees and expenses to Fried in the amount of $104,485 in attorney fees and $1,214.59 in expenses. Brady appealed, but this court affirmed the probate court's decision. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 104816, 2017-Ohio-5577, *discretionary appeal not allowed*, Slip Opinion No. 2017-1131, 2017-Ohio-9111.

**{¶4}** Abraitis died on January 4, 2017. In accordance with his will, Brady was appointed executor of his estate. Fried, as fiduciary of Vlada's estate, filed a claim against Abraitis's estate, but Brady rejected the claim. Fried then moved to remove Brady as executor of the estate. The trial court held a hearing, granted the motion removing Brady as executor, and appointed appellee-attorney Egidijus Marcinkevicius as successor fiduciary to Abraitis's estate.

{¶5} In its decision removing Brady as the executor, the trial court found the following: (1) during the hearing, Brady was "evasive, argumentative and largely unaware of what her responsibilities were" as executor of the estate; (2) Brady admitted to receiving a large amount of cash from Abraitis shortly before his death, which she had failed to account for or list as an estate asset; and (3) Brady testified she knew Abraitis used a false social security number on at least one bank account belonging to the estate.

{¶6} The court further found that Brady had a "clear conflict in serving as executrix of this estate due to the judgment rendered between her and decedent, jointly and severally," and "Brady's rejection of Adam Fried's claim on behalf of the estate of Abraitis's mother is further indication of conflict and falls within the allowance under R.C. 2113.18."

{¶7} Brady now appeals, raising the following assignments of error for our review:

I. The probate court erred as a matter of law where the movant for removal, Adam Fried, Successor Fiduciary of the Estate of Vlada Abraitis, lacked standing to invoke the jurisdiction of the court.

II. The probate court erred and abused its discretion in the order of removal where the jurisdiction of the probate court was never properly invoked.

III. The probate court erred as a matter of law and abused its discretion where the order of removal was not supported by any credible evidence and where the court improperly took judicial notice of facts not of record.

IV. The probate court committed prejudicial error at the March 10, 2017 hearing by permitting an attorney who lacked standing to intimidate and harass the appellant.

{¶8} Brady's first and second assignments of error challenge the jurisdiction of the

probate court to remove her as executor. In the first assignment of error, Brady contends that Fried did not have standing to challenge her status as the executor of Abraitis's estate. In the second assignment of error, Brady argues that the court's jurisdiction was never properly invoked.

{¶9} A court may remove a fiduciary pursuant to R.C. 2113.18(A) "if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate." A court may also remove a fiduciary under R.C. 2109.24:

> The court may remove any fiduciary, after giving the fiduciary not less than ten days notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

{¶10} Based on the two above statutory provisions, the court found that it was within its own authority to remove Brady as executor and, thus, did not consider whether Fried had standing. We agree; the court was authorized pursuant to R.C. 2109.24 and 2113.18 to pursue Brady's removal as executor of the estate; therefore, Fried's standing to bring the motion is inapposite.

{¶11} The first and second assignments of error are overruled.

{¶12} In the third assignment of error, Brady contends that the trial court erred in removing her as the executor of the estate and replacing her with a successor executor.

{¶13} Our standard of reviewing a probate court's decision to remove a fiduciary or

guardian is the abuse of discretion standard. *Castro v. Castro*, 8th Dist. Cuyahoga No. 99037, 2013-Ohio-1671, ¶ 11, citing *In re Estate of Karder*, 5th Dist. Stark No. 2010CA00297, 2011-Ohio-3229. In applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶14} The trial court determined the following based on the hearing it conducted in this matter: (1) during the hearing, Brady was "evasive, argumentative and largely unaware of what her responsibilities were" as executor of the estate; (2) Brady admitted to receiving a large amount of cash from Abraitis shortly before he died but could not account for the money and failed to list the money as an estate asset; (3) Brady knew Abraitis used a false social security number on at least one bank account belonging to the estate; (4) Brady had a clear conflict in serving as executor due to the prior judgment rendered against her and Abraitis, jointly and severally; and, (5) Brady had rejected Fried's claim on behalf of Vlada's estate.

{¶15} Each of the trial court's findings is supported by the record. During her testimony at the hearing, Brady was questioned about the basic elements of administering an estate. The court also inquired whether Brady knew how to administer an estate. But Brady told the court that she would not answer the questions or give "legal advice." Brady also admitted to having received $20,000 cash from Abraitis shortly before his death and that she had not disclosed the cash as an asset of the estate.

{¶16} The court also noted Brady's prior mishandling of Vlada's estate and the fact

that Brady was jointly and severally liable with Abraitis's estate on the claim for attorney fees that Fried had against them along with any claims Vlada's estate may have against Abraitis's estate. In other words, Brady was the executor of an estate on which she also shared a liability. Brady's conflict of interest is clear.

{¶17} The trial court in this case had numerous reasons pursuant to R.C. 2109.24 and 2113.18 to pursue removal of Brady as the executor of the estate; therefore, the court did not abuse its discretion for removing her.

{¶18} The third assignment of error is overruled.

{¶19} In the fourth assignment of error, Brady argues that attorney Fried intimidated and harassed her during the hearing and the court was biased against her.[1]

{¶20} During the hearing, Fried questioned Brady as if she were under cross-examination. Brady did not present witnesses or other evidence. It is axiomatic that the scope of cross-examination lies within the sound discretion of the trial court and is viewed in relation to the particular facts of the case. *State v. Peterson*, 8th Dist. Cuyahoga Nos. 100897 and 100899, 2015-Ohio-1013, ¶ 97, citing *State v. Cannon*, 8th Dist. Cuyahoga No. 100658, 2014-Ohio-4801, ¶ 15. The exercise of such discretion will not be disturbed absent an abuse of that discretion. *Id.,* citing *id.* A review of the record shows that Fried's questions to Brady were appropriate and any "intimidation" or "harassment" Brady may have felt most likely stemmed from the understandable

---

[1] Other arguments made within the assigned error are either unintelligible or merely restate arguments already presented under previous assignments of errors.

frustration with Brady's responses, or lack thereof.   Brady blatantly refused to answer the questions she was being asked.

{¶21} We also find no bias on the part of the trial court, who exercised patience during Brady's questioning and the hearing as a whole.

{¶22} In light of the above, the fourth assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Court Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR