[Cite as *Yeckley v. Yeckley*, 2020-Ohio-5432.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THOMAS D. YECKLEY,                          :

    Plaintiff,                              :

    v.                                      :          No. 109275

THOMAS D. YECKLEY, ET AL.,                  :

    Defendants-Appellants.                  :

[Appeal by Richard Yeckley]

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 25, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-07-611861

---

### *Appearances:*

Barry L. Sweet, *for appellee* Dennis Yeckley.

Reimer Law Co., Mike L. Wiery, and Katherine D. Carpenter, *for appellee* Keybank, N.A.

Edwin V. Hargate, *for appellant* Richard Yeckley.

LARRY A. JONES, SR., J.:

{¶ 1} This case involves a dispute among four siblings over the family house. In the instant appeal, defendant-appellant Richard Yeckley ("Richard")

appeals various trial court orders imposed in a partition lawsuit filed by his brother plaintiff-appellee Thomas Yeckley ("Thomas"). For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} In 2001, the siblings' mother, Lena Yeckley ("Lena"), and defendant-appellee and sibling Linda Scott ("Linda") executed a promissory note in the amount of $60,000 plus interest at a variable rate to defendant-appellee KeyBank National Association ("KeyBank"). Lena executed a mortgage granting KeyBank first and best lien on real property located at 271 East 270th Street in Euclid, Ohio. The mortgage was recorded in the Cuyahoga County Recorder's Office on November 7, 2001.

{¶ 3} Lena died in 2006 and Linda lived in the house until 2009. In 2007, Thomas filed a complaint for partition. In 2009, defendant-appellee and sibling Dennis Yeckley ("Dennis") moved into the house.

{¶ 4} Thomas moved for summary judgment, which the trial court granted, finding that the four siblings were coparceners of the property and entitled to a proportional share of the property. The litigation among the siblings continued, with parties filing motions for various setoffs for improvements, investments, and rent. In 2015, the trial court determined that the reasonable rental value of the property was $800 a month and Linda "enjoyed exclusive possession of the premises from April 2006 through March 2009, a period of 36 months, for a total of $28,800.00." The trial court further held that Dennis

"enjoyed exclusive possession of the premises from April 2009 through the time of the [2014] hearing, a period of 75 months, for a total value of $60,000.00."

{¶ 5} Thomas and Richard filed a joint motion for accounting and rents. In October 2016, a magistrate denied the motion; Thomas and Richard filed untimely objections and the trial court overruled their objections. Thomas and Richard filed a motion for reconsideration, which the trial court also denied.

{¶ 6} Linda defaulted under the terms of the note and mortgage. KeyBank accelerated the loan balance and filed a complaint for foreclosure in June 2018.

{¶ 7} In October 2019, the magistrate entered an order granting the foreclosure and sale of the property. Thomas and Richard filed objections that were denied by the trial court in its entry adopting the magistrate's decision. Richard filed a notice of appeal on December 5, 2019.

{¶ 8} Richard raises four assignments of error for our review:

I. The trial court erred and abused its discretion in denying on October 19, 2016 plaintiff and defendant-appellant's joint motion for an accounting and rents filed August 28, 2015 and filed two months after the magistrate's decision on set-offs (partial); since a motion for an accounting and rents pursuant to O.R.C. 5307.21 is a separate cause of action or claim, and payment is not limited to a motion for set-offs from improvements investments and rents received from third parties, which is commonly filed in a partition action, and the action is considered an action in law Warner v. Matthews, 79 Ohio App. 111 (1946); the plaintiff and defendant-appellant are entitled to a judgment for their respective share of the reasonable rental value of the property.

II. The trial court erred and abused its discretion in denying plaintiff and defendant-appellant's motion for reconsideration; since the motion calls to the trial court's attention an obvious error in its decision.

III. The trial court erred and abused its discretion in denying plaintiff and appellant's objections to foreclosure and order of sale decision of October 4, 2019.

IV. The trial court erred and abused its discretion in denying plaintiff and appellant's request for findings of fact and conclusions of law regarding the denial of their motion for an accounting and rents filed August 28, 2015 in an entry date November 21, 2016.

### Final Appealable Order

{¶ 9} As an initial matter, we first determine whether this is a final, appealable order. Dennis filed a motion to dismiss, arguing that the November 7, 2019 judgment entry of foreclosure was not a final, appealable order because it did not dispose of all claims against all parties. He also requested sanctions and attorney fees.

{¶ 10} Article IV, Section 3(B)(2) of the Ohio Constitution grants jurisdiction to courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, this court does not have jurisdiction over nonfinal orders. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *Roznowski* at *id.*, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 11} In order for a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and responsibilities of the

mortgagor. *Roznowski* at ¶ 20. Dennis claims that the trial court's foreclosure order is not a final, appealable order because it did not reference or dispose of Thomas's and Richard's second motion for accounting and rents, filed August 28, 2015. We disagree.

{¶ 12} On October 19, 2016, the magistrate denied Thomas's and Richard's August 28, 2015 motion, finding:

> The Magistrate finds that the relative interests of the cotenants in the partition action, Thomas D. Yeckley, Linda L. Scott, Dennis G. Yeckley, and Richard A. Yeckley were determined by the Court's orders of 8/14/15 and 5/26/16, but that those orders have become partially stale as a result of subsequent events, most notably the redemption of the tax certificates * * * and the non-payment of the KeyBank's mortgage. Paragraphs eight and nine (regarding the tax certificates and selling the property subject to KeyBank's mortgage) of the order of 8/14/15 are vacated. The order of distribution in the order of 5/26/16 is superseded by the order of distribution below. Any further adjustments of the relative interests of the cotenants, and any further distributions of sale proceeds, after the third distribution paragraph below, are continued until further order.

{¶ 13} The court continued in a footnote, as follows:

> The findings in the 8/14/15 order, with respect to set-offs and the cotenants' relative interests will be, final, and appealable (if this Magistrate's decision is adopted), but they are also still subject to being amended due to future events. If one of the cotenants were to exercise their right of redemption prior to a confirmation of a sale, they would properly seek an adjustment to the set-offs determined in the 8/14/15 order by motion, filed post-Decree of Foreclosure.

{¶ 14} In addition, the trial court's November 7, 2019 order of foreclosure stated that, "The objections of Plaintiff, Thomas Yeckley and Defendant, Richard Yeckley are overruled."[1]

{¶ 15} When the court's orders are read together, it is apparent that the trial court disposed of Richard's and Thomas's first and second motions for accounting and rents.

{¶ 16} Civ.R. 54(B) provides that when there are multiple claims and parties, a trial court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In accordance with Civ.R. 54(B), the trial court's judgment entry stated: "There is no just reason for delay."

{¶ 17} In light of the above, we find that we have a final, appealable order and deny Dennis's motion to dismiss this appeal in its entirety. We now proceed to the merits of this appeal.

## Motion for Accounting and Rents

{¶ 18} In his first assignment of error, Richard argues that the trial court erred in denying his and Thomas's August 2015 joint motion for an accounting and rents.

---

[1]Even if the trial court had not expressly overruled Thomas's and Richard's August 28, 2015 motion, an appellate court ordinarily presumes that a trial court overruled a motion when the trial court fails to explicitly rule on the motion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998).

{¶ 19} As mentioned, Richard and Thomas filed two joint motions for accounting and rents. Richard argues that, pursuant to R.C. 5307.21, Dennis and Linda should be required to pay the fair rental value of the property because they seized the exclusive possession of the family home following their mother's 2006 death for their own benefit and without Richard's and Thomas's consent. Richard and Thomas requested a judgment against Dennis and Linda for "the reasonable rental value of the property since 2006."

{¶ 20} The magistrate overseeing the case held a hearing on the motion, took testimony, and the parties submitted evidence. On June 30, 2015, the magistrate issued a "Decision on Set-offs" with findings of fact and conclusions of law, finding in part: (1) the house was properly valued at $105,000; (2) the parties' fifth sibling, Nena Yeckley, previously transferred her interest to Linda making Linda's ownership interest, prior to setoff, 40 percent; (3) Thomas, Dennis, and Linda's ownership interest, prior to setoff, was 20 percent each; and (4) various setoffs modified the siblings' interests to 36.439 percent (Richard), 35.94 percent (Linda), 19.252 percent (Thomas), and 8.096 percent (Dennis).

{¶ 21} On July 13, 2015, Richard and Thomas filed a motion for an extension of time in which to file objections to this decision and filed their objections on August 11, 2015. Dennis filed pro se objections on July 28, 2015.

{¶ 22} On August 14, 2015, the trial court adopted the magistrate's decision, expressly issuing a nonfinal order. The court gave the parties 30 days to file a "Notice of Election" if a party wished to purchase the property for $105,000

and denied Richard's and Thomas's prior motion for an extension of time in which to file objections to the magistrate's decision. The trial court also overruled the motion for an extension of time to object to the magistrate's decision.

{¶ 23} On appeal, Richard contends that "the central issue in this appeal is the trial court's denial of [his] statutory Motion for an Accounting and Rents."

{¶ 24} Civ.R. 53(D)(3)(b)(i) states as follows:

A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.

{¶ 25} In accordance with Civ.R. 53(D), Richard and Thomas had 14 days to object from the date when the magistrate filed its decision. The magistrate issued its decision, including findings of fact and conclusions of law, on June 30, 2016. On July 13, 2016, Richard and Thomas filed a joint motion requesting an extension of time; they did not, however, file objections to the magistrate's decision at that time. Instead, they waited until August 11, 2015, to file their objections; therefore, their objections were untimely.

{¶ 26} Because Richard's and Thomas's objections were untimely filed, Richard has waived all but plain error. A review of the magistrate's decision shows that the magistrate thoroughly reviewed the testimony and evidence submitted at the hearings on the motion as well as all pertinent pleadings. The magistrate determined that each of the four siblings was entitled to a proportionate share of

the house to be adjusted by setoffs for certain expenditures spent to upkeep the house, and, in the case of Dennis and Linda, for having exclusive possession of the premises at various times after their mother's death.

{¶ 27} Although Richard argues that the trial court erred in denying the motion for an extension of time in which to file objections and argues against the substance of the magistrate's decision, he does not advance a plain error argument on appeal and we decline to construct such a claim for him. *See State v. White,* 9th Dist. Summit Nos. 23955 and 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her [or his] brief.").

{¶ 28} In light of the above, the first assignment of error is overruled.

**Motion for Reconsideration**

{¶ 29} In the second assignment of error, Richard contends that the trial court erred in denying his motion for reconsideration. In his fourth assignment of error, Richard claims that the trial court erred in denying his motion for findings of fact and conclusions of law. We consider these assignments of error together.

{¶ 30} As mentioned, Richard and Thomas filed a second motion for accounting and rents on August 28, 2015, after the trial court had already issued its decision on their first motion. The magistrate held the motion in abeyance and the trial court subsequently denied the motion. Richard and Thomas filed a motion for findings of fact and conclusions of law and a subsequent motion for reconsideration, both of which the trial court denied in a November 21, 2016

journal entry, stating that the parties' evidence and arguments on setoffs, including any claims for rent, had been previously heard and determined by the magistrate in the magistrate's June 30, 2015 order, as well as any objections to that decision, were untimely filed.

{¶ 31} Richard claims that the August 28, 2015 motion for accounting and rents differs from the first motion for accounting and rents, and the court erred in denying his motion to reconsider. Specifically, he claims that the first motion concerned common law setoffs "and other matters" while the second motion was made pursuant to R.C. 5307.21; therefore, they are separate and distinct motions that the court erred in considering as one.

{¶ 32} We review a trial court's ruling on a motion for reconsideration under an abuse of discretion standard. *Maddox Defense, Inc. v. GeoData Sys. Mgmt.*, 2019-Ohio-1778, 135 N.E.3d 1212, ¶ 74 (8th Dist.), citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535, 706 N.E.2d 825 (4th Dist.1997). "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 33} We have reviewed the first and second joint motions for accounting and rents and agree with the trial court that the arguments with regard to setoffs and claims for rent were decided by the June 30, 2015 magistrate's decision, to which Richard and Thomas failed to file timely objections. Richard and Thomas were merely attempting to "cure" their untimely filing with a successive motion for

accounting and rents. The trial court did not abuse its discretion when it denied their motion for reconsideration.

{¶ 34} The trial court also did not err when it overruled Richard's motion for findings of fact and conclusions of law. Richard and Thomas requested findings of fact and conclusions of law for the magistrate's October 19, 2016 decision that denied their second motion for accounting and rents. The trial court denied their motion for findings of fact in its November 21, 2016 journal entry. Because both motions for accounting and rents set forth the same arguments and requested the same relief, the trial court did not err in determining that the magistrate's initial order disposing of the first motion for accounting and rents also disposed of the second motion. Thus, there was no requirement for the court to issue findings of fact and conclusions of law; the magistrate issued thorough findings of fact and conclusions of law in its June 30, 2015 order.

{¶ 35} The second and fourth assignments of error are overruled.

### Objections to Foreclosure

{¶ 36} In the third assignment of error, Richard claims that the trial court erred in overruling his and Thomas's objections to the magistrate's October 4, 2019 foreclosure and order of sale.

{¶ 37} On October 4, 2019, the magistrate issued its foreclosure and order of sale decision. Richard and Thomas filed timely objections. On November 7, 2019, the trial court issued an order, adopting the magistrate's decision and overruling the objections.

{¶ 38} The November 7, 2019 judgment entry adopting the magistrate's foreclosure order granted appellee KeyBank's motion for summary judgment and motion for default judgment, granted a money judgment in favor of KeyBank, and granted KeyBank foreclosure of the property.

{¶ 39} Richard contends that the trial court abused its discretion in overruling their objections for the same reasons that the trial court erred in overruling previous objections to court order's regarding the first and second motions for accounting and rents — namely that Richard and Thomas filed joint motions for accounting and rents under two separate theories of recovery and the court erred in finding that the magistrate's August 14, 2015 decision disposed of both motions.

{¶ 40} Richard fails to advance any arguments separate from those made under the previous assignments of error and does not contest KeyBank's foreclosure of the property.

{¶ 41} In light of the above, the trial court did not abuse its discretion in denying Richard's and Thomas's objections to the magistrate's October 4, 2019 order.

{¶ 42} The third assignment of error is overruled.

{¶ 43} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY EILEEN KILBANE, J., CONCUR