[Cite as *In re Estate of Abraitis*, 2021-Ohio-1408.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE ESTATE OF VLADA SOFIJA
STANCIKAITE ABRAITIS                          :

[Appeal by Catherine M. Brady]        :            No. 109810

                                              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2011 EST172533

---

***Appearances:***

Catherine M. Brady, *pro se.*

Reminger Co., L.P.A., Adam M. Fried, and Paul R. Shugar,
*for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, Catherine M. Brady ("Brady"), appeals the probate court's decision denying her exception to the final account filed by Adam Fried ("Fried"), administrator of the estate of Vlada Abraitis ("Vlada Estate"). For the reasons that follow, we dismiss the appeal for lack of a final appealable order.

**Procedural History and Facts**

**{¶ 2}** In 2011, the probate court appointed Sarunas Abraitis ("Sarunas") executor of his mother's estate. After the appointment, Brady represented Sarunas in the administration of the estate. In 2014, the court removed Sarunas as executor of the estate after finding that he had concealed assets of the estate. The court then ordered Sarunas to repay $575,870.30 to his mother's estate. The court then named Fried as the successor executor of the Vlada Estate.

**{¶ 3}** The probate court also found that Brady engaged in frivolous conduct with respect to the administration of the estate. The court ordered Brady and Sarunas to pay attorney fees and expenses to the Vlada Estate in the amount of $104,485 in attorney fees and $1,214.59 in expenses. Brady appealed the decision. I*n re Estate of Abraitis*, 8th Dist. Cuyahoga No. 104816, 2017-Ohio-5577, *appeal not accepted*, 2017-Ohio-9111, 151 Ohio St. 3d 1475, 87 N.E.3d 1272, we affirmed the court's decision.

**{¶ 4}** On January 4, 2017, Sarunas died and in accordance with his will, Brady was appointed executor of his estate ("Sarunas Estate"). Subsequently, Fried, as fiduciary of the Vlada Estate, filed a claim against the Sarunas Estate. Brady rejected the claim and Fried then motioned the court to remove Brady as executor of the Sarunas Estate. After a hearing, the probate court granted Fried's motion and removed Brady as executor. Thereafter, the court appointed Egidijus Marcinkevicius ("Marcinkevicius") as successor fiduciary to the Sarunas Estate.

{¶ 5} In its decision removing Brady as the executor, the court found that, during the hearing, Brady was "evasive, argumentative, and largely unaware of what her responsibilities were" as executor of the estate; that Brady admitted to receiving a large amount of cash from Sarunas shortly before his death, which she had failed to account for or list as an estate asset; and that Brady testified she knew Sarunas used a false social security number on at least one bank account belonging to the estate.

{¶ 6} Further, the court found that Brady had a "clear conflict in serving as executrix of this estate due to the judgment rendered between her and decedent, jointly and severally," and "Brady's rejection of Adam Fried's claim on behalf of the estate of [Sarunas's] mother is further indication of conflict and falls within the allowance under R.C. 2113.18."

{¶ 7} On appeal, we affirmed the court's decision to remove Brady as the executor of the estate. *Estate of Sarunas v. Abraitis*, 8th Dist. Cuyahoga No. 105657, 2018-Ohio-584, *appeal not accepted*, 2018-Ohio-2380, 100 N.E.3d 422.

{¶ 8} On September 17, 2019, Marcinkevicius filed a final account for the Sarunas Estate. One day before the hearing on the final account, Brady filed exceptions to the final account. Brady argued, among other things, that she was an "interested person with a direct, pecuniary interest in [Sarunas Estate] within the meaning of R.C. 2109.33" based on the previously mentioned judgment that had been entered jointly and severally against her and Sarunas. The court denied and dismissed Brady's exceptions to the final account, finding that she lacked standing

to file exceptions to the account and that the issues raised in her exceptions were irrelevant to the administration of the estate. On November 13, 2019, the court approved the final account.

{¶ 9} Brady appealed, and in *In re Estate of Abraitis,* 8th Dist. Cuyahoga No. 109299, 2020-Ohio-4222, to be discussed further below, we affirmed the court's decision that Brady lacked standing because she had no direct pecuniary interest in the estate.

{¶ 10} On May 11, 2020, Fried filed a final account for the Vlada Estate and Brady filed exceptions. The court denied and dismissed Brady's exceptions on the grounds of lack of standing and irrelevancy.

{¶ 11} On June 17, 2020, Brady filed her notice of appeal and assigned the following errors for our review:

### Assignment of Error One

The probate court erred in denying appellant's exceptions to the final account based on standing.

### Assignment of Error Two

The probate court erred in denying appellant's exceptions to the final account based on irrelevancy.

### Law and Analysis

{¶ 12} Preliminarily, we note, when Brady filed her notice of appeal on June 17, 2020, from the court's order denying her exceptions to Fried's final account, the court had not yet approved the final account. The court did not approve

the final account until August 24, 2020. Brady did not appeal from the court's order approving the account.

{¶ 13} An order denying exceptions to an account or inventory does not affect a substantial right and is therefore not a final appealable order. *See generally In re Estate of Sickmiller*, 3d Dist. Paulding No. 11-13-01, 2013-Ohio-3788; *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, 47; *In re Estate of Smith*, 4th Dist. Ross No. 06CA2915, 2007-Ohio-3030; *In re Estate of Allen*, 11th Dist. Trumbull No. 3890, 1988 Ohio App. LEXIS 2293 (June 17, 1988).

{¶ 14} The Ohio Constitution, Article IV, Section 3(B)(2) grants jurisdiction to courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, this court does not have jurisdiction over nonfinal orders. *Yeckley v. Yeckley*, 8th Dist. Cuyahoga No. 109275, 2020-Ohio-5432, citing *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 15} Nonetheless, we also note, after Brady filed her appeal in the instant matter, Fried filed a motion to dismiss on the grounds that Brady lacked standing because she did not have a direct, pecuniary interest in the Vlada Estate. Subsequently, citing our most recent decision, Fried renewed his motion to dismiss Brady's appeal and noted that we had already rejected Brady's present position. We agree.

{¶ 16} Two of the three assignments of error that Brady raised in her last appeal are identical to the two assignment of errors she now raises in this appeal. As such, if the present appeal was a final appealable order, it would suffer the same fate, if reviewed. In our decision regarding Brady's last appeal, we stated:

> R.C. 2109.33 governs the filing of exceptions to an account. It states in relevant part:
>
> Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. * * *
>
> Thus, for Brady to have standing to file exceptions to the final account, she needed to qualify as a "person interested" in Sarunas's estate. Courts have interpreted this statutory language to require a "direct pecuniary interest" in the account or estate. *See, e.g., In re K.*, 9th Dist. Summit Nos. 23338 and 23339, 2007-Ohio-509, ¶ 11; *In re Estate of Eyajan*, 11th Dist. Ashtabula No. 2002-A-0041, 2005-Ohio-351, ¶ 12-14; *In re Estate of Boll*, 126 Ohio App.3d 507, 509-510, 710 N.E.2d 1139 (4th Dist.1998); *Sechler v. Mkt.*, 10th Dist. Franklin No. 96APF03-359, 1996 Ohio App. LEXIS 5845, 11 (Dec. 24, 1996); *In re Guardianship of Dougherty*, 63 Ohio App.3d 289, 291, 578 N.E.2d 832 (2d Dist.1989); *In re Estate of Matusoff*, 10 Ohio App.2d 113, 113-114, 226 N.E.2d 140 (2d Dist.1965).
>
> Brady made no showing that she has any direct pecuniary interest in Sarunas' estate. She is not a beneficiary of the estate. She is not a creditor of the estate. Indeed, although Brady claimed below that she had a direct pecuniary interest in the estate based on the July 15, 2016 judgment, she has abandoned that argument on appeal.

*Abraitis,* 8th Dist. Cuyahoga No. 109299, 2020-Ohio-4222, ¶ 8-10.

{¶ 17} Here, because Brady's present appeal is identical to her last appeal where we found she had no direct pecuniary interest and therefore lacked standing,

if reviewable, we would also find that the trial court did not err in denying Brady's exceptions to the final account of the Vlada Estate, due to lack of standing.

**{¶ 18}** Accordingly, we dismiss the appeal.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR